UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD LEE BUZBY,

    Petitioner,

v.                                       Case No. 5:06-cv-173-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____

## **ORDER DENYING PETITION**

Petitioner filed this pro se case seeking habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's 2004 Citrus County guilty plea convictions of two counts of vehicular homicide and one count of leaving the scene of an accident involving injury. Id. Petitioner asserts that his counsel rendered ineffective assistance during the plea negotiations. Id. Specifically, Petitioner contends that but for his counsel's failure to notice an error on his sentencing guidelines scoresheet that indicated the sentencing court had the discretion to impose a life sentence, Petitioner would not have pled guilty and would have "proceeded to trial raising a mistaken identity defense and been acquitted." Doc. 1 at 6. The Respondent argues that the Petition is time-barred, that Petitioner is not entitled to review of the merits of his claim because the state court rejected it as insufficiently pled, and that Petitioner is not entitled to relief on the merits of his ineffective-assistance claim. Doc. 6. For the reasons set forth below, the Court

concludes that the Petition should be denied.[1]

## Factual and Procedural Background

On January 6, 2004, Petitioner executed a negotiated plea agreement pursuant to which he agreed to plead guilty to the charged offenses in exchange for a sentence of 11 months and 29 days imprisonment in the Citrus County Jail, with credit for time served, four years of drug offender probation, 400 hours of community service, and other conditions. Respondent's Record Appendix (hereafter "App."), tab B at 122-24, 137; tab E at 218. Petitioner's retained counsel, Robert Christensen, also signed the plea agreement, acknowledging that he had read and explained the sentencing scoresheet to Petitioner. Id. According to the sentencing scoresheet, Petitioner's total sentence point score was 363.2. Id. at 120-21. Pursuant to Florida law, although the maximum statutory sentence for each offense was five years, for a total of 15 years, Petitioner's score made him eligible for a "lowest permissible prison sentence" of 251.4 months, or 20.95 years. Id.; see Fla. Stat. Ann. § 775.082. Further, because Petitioner's total sentence point score was greater than 363, Florida law authorized the sentencing court, in its discretion, to impose a life sentence. Id.

During the plea colloquy and sentencing on January 20, 2004, the court reviewed the guideline scoresheet and observed that Petitioner's plea agreement

---

[1]Because the Court may resolve the claim in the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

reflected a sentence below the guidelines. App. tab E at 193. The court then conducted a colloquy with Petitioner during which, under oath, Petitioner acknowledged that his plea was knowing and voluntary. Id. at 193-97. Petitioner affirmed his understanding that if he violated the terms of his probation, he could receive a life sentence, and that his lowest possible sentence would be 20.95 years. Id. at 197-98. Petitioner affirmed that he understood all of the rights that he was giving up by pleading guilty. Id. at 198-99.

The prosecutor then tendered the following factual basis for the plea:

> The State would be prepared to prove should this go to trial that on August 21 of 1999 approximately 2 a.m. in the morning, Mr. Buzby was driving a 1996 Jeep Grand Cherokee on County Road 488. He was headed westbound in the eastbound lane. This was after having consumed three and a half 2 milligrams Xanax tablets and five alcoholic beverages in a five-hour period.
> As he was headed westbound in the eastbound lane, the Kimbrels were headed eastbound in the eastbound lane on 488. Alicia Kimbrel was the driver of the vehicle . . . She attempted to take evasive action to avoid the collision. She was unable to do so.
> Mr. Buzby crashed into the front right quarter panel of the vehicle that the Kimbrels were located in. In the front seat of the Saturn was Dixie Ray Kimbrel, age 54. In the back seat was Kimberly Kimbrel, age 13.
> Because of Mr. Buzby's operation of the Jeep Grand Cherokee in a [r]eckless manner, it was not only likely, but it did cause the death of another person, more specifically Dixie Ray Kimbrel and Kimberly Kimbrel who were killed at the scene.
> The driver of the vehicle, Alicia Kimbrel, was seriously injured. She was unable to leave from the vehicle. she had to be transported by ambulance to the hospital. And Mr. Buzby was aware that she was injured

3

> and that the two other occupants of the Saturn were killed as a result of his actions.
>
> He, then, fled the scene, was later interviewed at the hospital and through subsequent investigation was charged and is now present before you today, Your Honor.

Id. at 200-01.

Petitioner's counsel acknowledged that he had reviewed the discovery in the case with Petitioner, and would stipulate that if left unrebutted the State could prove a prima facie case against Petitioner. Id. at 201. Petitioner denied that any additional facts needed to be read into the record. Id. at 202. The court found that the plea was freely and voluntarily entered after a knowing waiver of rights, that a factual basis for the plea had been established, and that Petitioner had expressed satisfaction with the services of his attorney. Id. at 203. The court adjudged Petitioner guilty and sentenced him in accordance with the terms of the plea agreement. Id. at 218. The record reflects that Petitioner was released from the Citrus County Jail eleven days later. App. tab B at 248.

In June 2004, Petitioner was charged with violating the terms of his probation. Id. tab B at 161-78. A new sentencing guideline scoresheet was prepared, which reflected total sentence points of 369.2 due to additional points added for the probation violation. Id. at 231-32. On August 23, 2004, Petitioner was found guilty following a hearing and the court, after reviewing the scoresheet and confirming that Petitioner qualified for a life sentence based on the scoresheet, sentenced Petitioner to life in prison. App. tab D at 69-72.

4

The court appointed the public defender to represent Petitioner on appeal, and counsel argued that the court had abused its discretion in imposing a life sentence. App. tab C. The Fifth District Court of Appeal affirmed without opinion on July 12, 2005. Id.

On July 29, 2005, Petitioner filed a motion for mitigation of his life sentence on the ground of leniency, because his offense was "not a planned or premeditated act." The court denied relief. App. tab G. On August 18, 2005, Petitioner filed a motion pursuant to Fla. R. Crim. P. 3.800(a) for correction of sentence on the ground that the guideline scoresheet overstated Petitioner's total sentence points because it assessed points for one count of "leaving the scene of an accident involving death," pursuant to Fla. Stat. Ann. § 316.027(1)(b), when in fact the offense of conviction was "leaving the scene of an accident involving injury," pursuant to Fla. Stat. Ann. § 316.027(1)(a). App. tab H. As reflected on the corrected scoresheet, Petitioner's total sentence points were only 356.6, which resulted in a lowest permissible prison sentence of 20.54 years, and no discretion for the court to impose a life sentence. See Doc. 2, Exh. C. The court conducted a resentencing hearing on October 12, 2005, and all parties agreed that the original scoresheet was incorrect. App. tab H. Petitioner stated that had he known about the error, he would not have entered a plea. Id., resentencing trans. at 6. The court resentenced Petitioner to 20.54 years in prison. Id. at 9.

On October 31, 2005, Petitioner filed a motion for postconviction relief

pursuant to Fla. R. Crim. P. 3.850, alleging that Petitioner had been denied the effective assistance of counsel during the plea process because counsel failed to identify and correct the error on the scoresheet. App. tab F. Petitioner alleged that counsel had erroneously advised him that his potential sentence exposure was life imprisonment, and that had he been aware of the error, he would not have pled guilty "and would have proceeded to trial and would have been found not guilty as he had a viable defense." Id.

The trial court denied relief. Id. The court cited Strickland v. Washington, 466 U.S. 668 (1984), and concluded that Petitioner had not met his burden of establishing ineffective assistance. Id. The court noted that Petitioner had expressed satisfaction with counsel's services during the plea colloquy, and that the record established that Petitioner's plea was knowing and voluntary. The court found that Petitioner's assertion that he had a "viable defense" failed to meet his burden of establishing that he was entitled to an evidentiary hearing on his claim because his allegation was conclusional. Id. (citing Kennedy v. State, 547 So.2d 912 (Fla. 1989)). The Fifth District Court of Appeal affirmed on March 7, 2006. Id. The instant Petition was filed on May 1, 2006.

## **Timeliness of Petition**

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief.

Citing Rainey v. Sec'y, Dept. of Corr., 443 F.3d 323 (11th Cir. 2006), Respondent contends that the Petition is untimely because the revocation proceedings and subsequent appeal did not toll the federal limitations period, and absent such tolling the Petition was filed more than one year after Petitioner's conviction became final. Doc. 6 at 4-5 & n.1. Respondent concedes that "[i]f this court finds that time should be tolled for the revocation of probation proceedings, then the petition is timely." Id. at 5. In fact, in this case it is the date of Petitioner's resentencing that starts the federal limitations clock. See Ferreira v. Sec'y, Dept. of Corr., 494 F.3d 1286, 1288 (11th Cir. 2007) (overruling Rainey, and holding that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final."). It is clear that based on the date of Petitioner's resentencing on October 12, 2005, the instant Petition is timely.

## Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant

---

[2] 28 U.S.C. § 2244(d)(1).

to 28 U.S.C. § 2254 is limited.[3] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[4] The "contrary to" and "unreasonable application" clauses provide separate bases for review.[5] A state court's rejection of a claim on the merits is entitled to deference regardless whether the state court has explained the rationale for its ruling.[6]

### Merits of Petitioner's Ineffective-Assistance Claim

In order to demonstrate that counsel rendered ineffective assistance, Petitioner's "entitlement to habeas relief turns on showing that the state court's resolution of his claim of ineffective assistance of counsel under <u>Strickland v. Washington</u> . . . 'resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 380 (2005)

---

[3] <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[4] <u>See</u> 28 U.S.C. § 2254(d)(1)- (2).

[5] <u>Wellington v. Moore</u>, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[6] <u>Wright v. Secretary for the Dept. of Corrections</u>, 278 F.3d 1245, 1255 (11th Cir. 2002) <u>cert.</u> <u>denied</u>, 538 U.S. 906 (2003); <u>see</u> <u>also</u> <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004).

(quoting 28 U.S.C. § 2254). "An 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of petitioner's case.'" Id. (internal quotations and citations omitted). "That is, 'the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable.' . . . Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice . . . with performance being measured against an 'objective standard of reasonableness' under 'prevailing professional norms.'" Id.

Further, in the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." Id. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" Id. at 60 (quoting Evans v. Meyer, 742 F.2d 371, 375 (7th Cir. 1984)).

As to the state court's application of the deficiency prong of Strickland, the court focused on the knowing and voluntary nature of Petitioner's plea, as reflected in the plea colloquy, but did not address the core issue underlying Petitioner's postconviction motion. The relevant issue is whether counsel's failure to identify a

9

patent error on the guideline scoresheet that greatly increased Petitioner's sentencing exposure amounted to deficient performance. To the extent that counsel advised Petitioner to plead guilty because of his potential exposure to a life sentence if he went to trial, counsel erred because Petitioner's offenses did not qualify him for a life sentence, as the court subsequently determined when it resentenced Petitioner. Because the possibility that Petitioner was misinformed as to his sentencing exposure was not raised at the plea colloquy, the state court unreasonably relied on the plea colloquy to reject Petitioner's ineffective-assistance claim. See Moore v. Bryant, 348 F.3d 238, 243 (7th Cir. 2003) (state court unreasonably applied Strickland in rejecting ineffective-assistance claim on basis that plea was knowing and voluntary, where colloquy did not alert petitioner to possibility that he had been misinformed as to sentencing exposure). Inasmuch as counsel conceded the error at Petitioner's resentencing, the record supports a determination that counsel's failure to notice and correct the error during the original plea proceedings was objectively unreasonable, notwithstanding that the error was also overlooked by the prosecutor and the court during the original plea colloquy and at the violation of probation hearing. See App. tabs E, H.

Petitioner must also satisfy the prejudice prong of Strickland in order to prevail on his ineffective-assistance claim. In his postconviction motion in the state court, Petitioner asserted that but for counsel's error he "would have proceeded to trial and would have been found not guilty as he had a viable defense." App. tab F. The

state court rejected Petitioner's assertion of prejudice as conclusional and therefore insufficient to warrant an evidentiary hearing on his ineffective-assistance claim. Id. (citing Kennedy). In Kennedy, the Florida Supreme Court held that "[a] defendant may not simply file a motion for postconviction relief containing conclusory allegations that his or her trial counsel was ineffective and then expect to receive an evidentiary hearing. The defendant must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant." Kennedy, 547 So.2d 912, 914 (citing Strickland).

The state court's rejection of Petitioner's claim of prejudice as conclusional is not contrary to, or an unreasonable application of, federal law. Because, under Hill, the prejudice inquiry is an objective one, Petitioner's self-serving and unsupported assertion that had he not believed he potentially faced a life sentence he would have insisted on going to trial is insufficient. See also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusional, or unsupported allegations cannot support an ineffective-assistance claim). Petitioner has not alleged the existence of any facts or circumstances that would support an objectively reasonable conclusion that he would have rejected a plea agreement under which he received a sentence of probation with little additional jail time in favor of going to trial and risking the mandatory-minimum 20-year sentence that he ultimately received after violating probation. See Hill, 474 U.S. at 371 (although counsel rendered erroneous advice

as to parole eligibility, petitioner's assertion of prejudice was insufficient where petitioner "alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty.").

Because Petitioner failed to make both showings necessary to obtain relief on his ineffective-assistance claim, Petitioner has not shown that the state court's rejection of his claim reflects an adjudication that was either contrary to, or an unreasonable application of, Federal law. See 28 U.S.C. § 2254(d)(1).

## Conclusion

For the foregoing reasons, the Petition is **DENIED**. The Clerk is directed to enter judgment denying the Petition and dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 11th day of September 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Richard Lee Buzby
   Counsel of Record